1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LILY COMPANY,                                    No.  2:14-cv-1244 JAM AC PS

12              Plaintiff,

13       v.                                            ORDER AND

14   KALEEDAH JORDAN,                                  FINDINGS & RECOMMENDATIONS

15              Defendant.

16

17        Plaintiff Lily Company commenced an unlawful detainer action in the Sacramento County

18   Superior Court on April 14, 2014.  Notice of Removal ("NOR"), Ex. A.  Defendant removed this

19   action on May 21, 2014 purportedly on the basis of subject matter jurisdiction, along with a

20   request to proceed in forma pauperis.

21        Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma

22   pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a

23   claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks

24   jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

25        Courts "strictly construe the removal statute against removal jurisdiction," and "the

26   defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980

27   F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as

28   to the right of removal in the first instance."  Id.  Removal is proper only if the court could have

1

1   exercised jurisdiction over the action had it originally been filed in federal court.  <u>Caterpillar, Inc.</u>

2   <u>v. Williams</u>, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction

3   is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

4   only when a federal question is presented on the face of the plaintiff's properly pleaded

5   complaint."  <u>Id.</u>

6          Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the

7   Sacramento County Superior Court.  The complaint contains a single claim for unlawful detainer.

8   In defendant's removal notice, it is asserted that the court has jurisdiction under the Due Process

9   Clause and the Equal Protection Clause stemming from plaintiff's alleged violations of state law.

10  Plaintiff's complaint for unlawful detainer, however, does not state claims under any federal law.

11  Rather, defendant appears to assert that her constitutional rights are at issue by virtue of her

12  defense to the action.

13         Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-

14  party claim raising a federal question, whether filed in state or federal court.  <u>See</u> <u>Vaden v.</u>

15  <u>Discover Bank</u>, 556 U.S. 49 (2009); <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042-43 (9th

16  Cir. 2009); <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 327 (5th Cir. 1998);

17  <u>Preciado v. Ocwen Loan Servicing</u>, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); <u>Fed. Nat'l</u>

18  <u>Mortg. Ass'n. v. Bridgeman</u>, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint

19  indicates that the only cause of action is one for unlawful detainer, which arises under state law

20  and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction

21  under 28 U.S.C. § 1331 does not exist.

22         Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to proceed

23  in forma pauperis is granted; and

24         IT IS HEREBY RECOMMENDED that this action be remanded to the Sacramento

25  County Superior Court.

26         These findings and recommendations are submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28  after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

2  document should be captioned "Objections to Magistrate Judge's Findings and

3  Recommendations."  Any response to the objections shall be filed with the court and served on all

4  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

5  objections within the specified time may waive the right to appeal the District Court's order.

6  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

7  (9th Cir. 1991).

8  DATED: June 6, 2014

9  _____

   ALLISON CLAIRE
10  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28